IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>CLIFFORD WRIGHT, III,<br><br>               Defendant. | 8:22CR253<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the government's Motion for a Formal *Faretta* Hearing Regarding Defendant's Request to Represent Himself (Filing No. 90). Defendant Clifford Wright III ("Wright") has been indicted (Filing No. 16) on one count of possession with the intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), one count of possession of a firearm in furtherance of that offense, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). On October 30, 2023, Wright filed a Motion to Appoint New Counsel (Filing No. 81), delineating his various disagreements with his fourth court-appointed counsel, Jim McGough ("McGough"), which he believed were indicative of an "irreparable breakdown in their attorney-client relationship." The next day, McGough filed a Motion to Withdraw as Counsel (Filing No. 83), stating Wright wished to proceed *pro se*.

On November 1, 2023, the magistrate judge[1] held a hearing on these two motions at which much of the time was reserved for ex parte discussions with Wright and McGough, as is conventional for such matters. *See, e.g.*, *United States v. LeBeau*, 867 F.3d 960, 974-75 (8th Cir. 2017). At this hearing, Wright articulated his desire to

---

[1] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

represent himself. The magistrate judge, accordingly, granted Wright's motion in part by allowing him to proceed *pro se*.

"The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975). That right impliedly extends to a defendant's right to self-representation, "for it is he who suffers the consequences if the defense fails." *Id.*

"When an accused manages his own defense," however, "he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Id.* at 835. As such, "a defendant's invocation of the right to self-representation must be clear, unequivocal, knowing, and intelligent." *Bolden v. Vandergriff*, 69 F.4th 479, 482 (8th Cir. 2023). Courts must "convey detailed warnings about the disadvantages of proceeding pro se before allowing a defendant to waive his right to counsel at trial." *Fiorito v. United States*, 821 F.3d 999, 1005 (8th Cir. 2016); *see also Faretta*, 422 U.S. at 835. Only after the court "rigorously convey[s] warnings of the pitfalls of proceeding to trial without counsel," can it be satisfied the defendant knows fully what they are doing and is waiving their right to counsel knowingly and intelligently. *United States v. Miller*, 728 F.3d 768, 773 (8th Cir. 2013) (quoting *United States v. Tschacher*, 687 F.3d 923, 931 (8th Cir. 2012)).

This Court has thoroughly reviewed the proceedings and is satisfied that the magistrate judge's discussion of the pitfalls of self-representation fulfilled *Faretta*'s important safeguards while finding Wright clearly, knowingly, and intelligently waived his right to counsel. For that reason, the government's motion for an additional hearing on the matter is denied at this time.

IT IS SO ORDERED.

Dated this 13th day of November 2023.

3

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge