IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFORD WRIGHT III,<br><br>Defendant. | 8:22CR253<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Clifford Wright III's ("Wright") objection (Filing No. 176) to the magistrate judge's[1] Memorandum and Order (Filing No. 172) denying his request (Filing No. 60) for a hearing under *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978) (explaining the Fourth Amendment requires granting a defendant's request for an evidentiary hearing when they make a "substantial preliminary showing" of a false statement in a warrant affidavit). *See* 28 U.S.C. § 636(b)(1)(A) (authorizing the Court to designate a magistrate judge to decide nondispositive pretrial matters). The government has responded to that objection (Filing No. 179) and contends the magistrate judge's ruling was correct. The Court agrees.

On December 13, 2022, Wright was charged (Filing No. 16) with possessing with intent to distribute 40 grams or more of a mixture or substance containing Fentanyl, possessing a firearm in furtherance of that drug-related offense, and being a felon in possession of a firearm. *See* 21 U.S.C. § 841(b)(1); 18 U.S.C. §§ 922(g)(1), 924(a)(8), and (c)(1)(A). In the months that followed, the Court allowed Wright to change appointed counsel multiple times due to persistent disagreements surrounding their representation. The pretrial deadlines were extended each time new counsel entered an appearance.

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

On July 13, 2023, Wright moved for a *Franks* hearing with the assistance of his then-attorney. He challenged the veracity of the affidavit that accompanied a search-warrant application for a safe purportedly removed from his home. The resulting search revealed a firearm, leading to the present charges. Wright averred the search-warrant application would have lacked probable cause without two allegedly false statements included in the warrant affidavit. The government opposed that motion (Filing No. 72).

The magistrate judge then assigned to the case[2] issued a Findings and Recommendation (Filing No. 80) recommending Wright's request be denied. Soon after, Wright's relationship with that counsel allegedly broke down, and the magistrate judge permitted Wright to proceed *pro se*. *See Jones v. Norman*, 633 F.3d 661, 667 (8th Cir. 2011) (explaining a defendant has a right to self-representation if their request is "timely, not for purposes of delay, unequivocal, voluntary, intelligent and the defendant is competent"). He then promptly submitted his *pro se* objections (Filing Nos. 87, 89) to the Findings and Recommendation. *See* NECrimR 59.2.

Throughout the next month, Wright filed dozens of motions, briefs, and exhibits regarding a slew of issues. Given the intervening events, the Court ordered the resubmission of Wright's motion for a *Franks* hearing to the magistrate judge for consideration alongside Wright's miscellaneous pending matters (Filing No. 111). *See* 28 U.S.C. § 636(b)(1) (providing that a judge may "recommit the matter to the magistrate judge with instructions" following an objection); Fed. R. Crim. P. 59(b)(3) (same). Eventually, Wright was appointed his present counsel and he stopped representing himself (Filing No. 155).

At a hearing before the magistrate judge on June 27, 2024, Wright withdrew the bulk of his pending motions, including those filed while he was proceeding *pro se*. The

---

[2]The Honorable Susan M. Bazis, then United States Magistrate Judge for the District of Nebraska. This matter was reassigned to Magistrate Judge Nelson after Judge Bazis became a United States District Court Judge.

magistrate judge took his motion for a *Franks* hearing under advisement. On July 22, 2024, the magistrate judge denied that request. He acknowledged the discrepancies between one of the affidavit's statements and the relied-upon evidence—which primarily consisted of a police report, recorded jail calls between Wright and his sister, and police correspondence with Wright's sister—yet concluded that "there [was] no indication that" any incorrect "statement . . . was meant to be misleading." Nor did he believe the search-warrant application lacked probable cause without the erroneous statement.

Wright disagrees. He maintains that the warrant affidavit contained two false statements "which rely on the misinterpreted nature of the jail phone calls and the police report." Without those, he argues the officer lacked probable cause to seek the search warrant.

On an objection to an order on a nondispositive matter, the Court may only reconsider the magistrate judge's decision where it has been shown to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Crim. P. 59(a). To be entitled to a *Franks* hearing, a defendant must make "a 'substantial preliminary showing' that the warrant affidavit contained an 'intentional or reckless false statement or omission which was necessary to the finding of probable cause.'" *United States v. Blair*, 93 F.4th 1080, 1084 (8th Cir. 2024) (quoting *United States v. Snyder*, 511 F.3d 813, 816 (8th Cir. 2008)). The required showing is a significant hurdle not easily surpassed. *See United States v. Hines*, 62 F.4th 1087, 1093-94 (8th Cir. 2023).

After reviewing the record in this matter and weighing the parties' arguments, the Court finds no grounds that warrant reconsidering the magistrate judge's objected-to Memorandum and Order. The magistrate judge's determination to deny Wright's request for a *Franks* hearing is neither clearly erroneous nor contrary to law. *See United States v. Dock*, 967 F.3d 903, 904 ("A factual finding is clearly erroneous 'when we are left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. Brockman*, 924 F.3d 988, 994 (8th Cir. 2019)); *Bisig v. Time Warner Cable, Inc.*,

940 F.3d 205, 219 (6th Cir. 2019) (stating a magistrate judge's order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure" (internal quotations omitted)). Beyond reiterating his arguments for a *Franks* hearing, Wright's objection does little to support his contention the magistrate judge erred, especially in light of the deferential governing standard. Wright's objection (Filing No. 176) is therefore overruled.

IT IS SO ORDERED.

Dated this 22nd day of August 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge