IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR253 |
| vs. | |
| CLIFFORD WRIGHT, III, | ORDER |
| Defendant. | |

On February 13, 2025, this matter came before the court on Rule 17.1 Pretrial Conference. Joseph Meyer, AUSA, appeared for the government. Stuart Dornan, CJA, appeared with the defendant Clifford Wright, III. The parties discussed case progression.

The court noted that there remain pending seven pretrial motions to be considered. The parties agree that the matter is not ready to set for trial. The court addressed, among other things, defendant's request for an evidentiary hearing on some of defendant's pretrial motions, which the government opposed. The court will reserve ruling on whether to order an evidentiary hearing pursuant to NECrimR 12.3(e)(1). The defendant is also waiting for 8th Circuit approval to retain an expert witness to conduct further evaluation as requested in (Filing No. 2018). The court approved the request through CJA voucher and defendant's motion (Filing No. 218) is granted. The parties reached a stipulation concerning Vigilnet Evidence now rendering one pretrial motion (Filing No. 209) moot.

Matter will be set for further status hearing in thirty (30) days and 17.1 Pretrial Conference will be continued and rescheduled after rulings and any objections are made on the pending pretrial motions. Accordingly,

IT IS ORDERED:

1) A telephonic status conference with counsel will be held before the undersigned magistrate judge at 9:30 a.m. on March 17, 2025. Counsel for the parties shall use the conferencing instructions provided by the Court at filing [191] to participate in the call.

2) Defendant's Amended Motion for Mental Health Evaluation (Filing No 218) is granted.

3) The court will reserve ruling on defendant's request for evidentiary hearing concerning his pretrial motions (Filing Nos. 195, 197, 199, 207).

4)       The parties stipulated that the government provided in discovery Vigilnet Evidence, which is at issue in defendant's pretrial motion (Filing No. 209), rending that motion now moot. The defendant's Motion in Limine to Exclude Vigilnet Evidence (Filing No. 209) is now denied as moot.

5)       In accordance with 18 U.S.C. § 3161(h)(1)(A), (D), and (h)(7)(A), the Court finds that continued periods of delay shall be excluded in computing time for purposes of speedy trial because defendant has requested additional mental health evaluations, pretrial motions have been filed and are pending before the court, and the ends of justice will be served by granting this motion and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between today's date and on March 17, 2025, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act. Failure to grant this motion would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and the novelty and complexity of the case. The failure to grant this motion might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 13th day of February, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge