IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>CLIFFORD WRIGHT III,<br><br>     Defendant. | 8:22CR253<br><br>ORDER |

  This matter comes before the court on Defendant's Motion of Leave to Appoint New Standby Counsel or Removal of Standby Counsel (Filing No. 263). The motion is denied for the following reasons:

  This case has been pending since November 15, 2022 (Filing No. 1). Defendant has been appointed no less than five attorneys in this matter, beginning with Assistant Federal Public Defender Julie Hansen at his initial appearance on November 22, 2022 (Filing No. 8). A superseding indictment was returned on December 13, 2022, and defendant moved for new counsel just six days later (Filing No. 21). That motion was granted on December 28, 2022, and new CJA counsel Michael Tasset was appointed (Filing No. 24). One month later, counsel moved to withdraw and at defendant's request new CJA counsel Andrew Wilson was appointed on February 7, 2023 (Filing No. 34). Approximately one month later, defendant again criticized his court appointed counsel (Filing No. 44), who moved to withdraw and new counsel James McGough was appointed on May 23, 2023 (Filing No. 52). Defendant again moved for new counsel on October 30, 2023 (Filing No. 81). He later requested to proceed *pro se* and his request was granted on November 1, 2023, and Mr. McGough was permitted to withdraw but later appointed as standby counsel (Filing No. 85, 135). Unhappy with his standby counsel, defendant filed a Motion to Appoint New Standby Counsel on February 5, 2024 (Filing No. 150, 152). Defendant, however, changed his mind and requested new counsel, which the court granted and new CJA counsel Stuart Dornan was appointed on February 14, 2024 (Filing No. 154, 155). Defendant filed another Motion to Appoint New Counsel and to Proceed Pro Se and those matters were heard by the court on March 7, 2025. The court conducted a formal *Faretta* hearing and granted defendant's request to proceed *pro se*, but ordered that Mr. Dornan should remain as standby counsel and the reasons why were noted on the record (Filing No. 237). Defendant's oral motion at the time to appoint new standby counsel was denied.

  It is well established that a defendant does not get to pick and choose his counsel and that the right to counsel "does not include the right to a meaningful relationship between an accused

and his counsel." *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992). A defendant may not seek new counsel in an attempt to manipulate the court into appointing new counsel, delay resolution of the case, or to create an issue to litigate on appeal. *See United States v. Borders*, 2014 WL 12700621 *1 (W.D. Mo. 2014). Moreover, the appointment of standby counsel lies solely within the discretion of the district court, and a *pro se* defendant does not enjoy an absolute right to standby counsel. *United States v. Keiser*, 578 F.3d 897, 903 (2009); *see also United States v. Webster*, 84 F.3d 1056, 1062 (8th Cir) (district court did not violate Sixth Amendment right to self-representation by offering the defendant the "Hobson's choice" of continued representation by a lawyer whom he had lost all trust or proceeding pro se with that same attorney serving as standby counsel).

The court previously addressed defendant's request to appoint new standby counsel and denied that request. The arguments raised in support of defendant's request are the same and will not be reconsidered. Moreover, similar arguments have been made before in defendant's many prior motions to appoint new counsel and even his prior motion to appoint new standby counsel. Defendant does not have the right to standby counsel and does not have the right as to whom the court may select to fill that role.  As the court informed the defendant, Mr. Dornan has been involved in the matter for many months now and was the fifth attorney appointed to the case. A trial date has now been selected and defendant's continued efforts to manipulate the court in appointing new counsel, delay the resolution of the case, and/or to create an issue to litigate on appeal are rejected.

Dated this 25th day of March, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge