IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>CLIFFORD WRIGHT, III,<br><br>    Defendant. | 8:22CR253<br><br>ORDER |

  This matter is before the Court on defendant Clifford Wright, III's ("Wright") *pro se* "Motion of Leave to [S]tay and [R]eschedule the [S]cheduled [T]rial" (Filing No. 278). Wright is charged (Filing No. 16) with one count of possessing with intent to distribute 40 grams or more of a mixture containing Fentanyl, one count of possessing a firearm in furtherance of that drug-trafficking offense, and one count of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8), and (c)(1)(A); 21 U.S.C. § 841(a)(1) and (b)(1). A jury trial is currently scheduled to begin on May 27, 2025.

  Wright was ordered to file all pretrial motions on or before January 10, 2025 (Filing No. 192). *See* Fed. R. Crim. P. 12(b) (describing what motions may be made "at any time while the case is pending" and those that "must be raised by pretrial motion"), (c)(1) (empowering the court to "set a deadline for the parties to make pretrial motions"). With the assistance of his then-counsel, Wright filed several such motions (Filing Nos. 195, 197, 199, 202, 204, 207). Not long after, Wright expressed his desire to proceed *pro se*. After a hearing on the matter, the magistrate judge found Wright knowingly and intelligently waived his right to counsel and permitted his counsel to withdraw.

  In the interim, the magistrate judge denied a number of Wright's motions and recommended the Court deny the others (Filing No. 235). *See* 28 U.S.C. § 636(b)(1)

(providing that a district judge may designate a magistrate judge to determine nondispositive pretrial matters and submit proposed findings of fact and recommendations for all other matters); *accord* Fed. R. Crim. P. 59.  Wright has since filed numerous objections not only to that Findings, Recommendations, and Order but also other Orders entered by the magistrate judge (Filing Nos. 253, 257, 262, 264, 265, 274, 276, 281, 287).  Those objections are still pending and will be dealt with in due time before trial.

Despite the January 10th pretrial-motion deadline, Wright has also continued to file a plethora of *pro se* motions.  That includes the present motion asking the Court to reschedule the trial until his motions and objections have been ruled on.  At this time, the Court is confident that all pretrial matters can be resolved within the several weeks between now and the scheduled trial.  Wright's motion is denied.

The Court understands Wright only recently began proceeding *pro se* in this matter.  As such, it has been lenient in permitting him to file what appear to be largely untimely and repetitive pretrial motions.  From now on, however, Wright is advised that any further pretrial motions will be summarily denied as untimely absent any specific showing of good cause.  *See* Fed. R. Crim. P. 12(c)(3) (stating a court may only consider an untimely Rule 12(b)(3) motion upon a showing of good cause); *United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018) (explaining that a "district court has discretion to consider an untimely motion" on a "'showing of cause and prejudice'" (quoting *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018))).

IT IS SO ORDERED.

Dated this 15th day of April 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge