IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                              **8:22CR253**

        v.

CLIFFORD WRIGHT III,                                       **MEMORANDUM
                                                           AND ORDER**

                    Defendant.

        Defendant Clifford Wright III ("Wright") faces three charges in this case (Filing No. 377) for distributing fentanyl, possessing a firearm in furtherance of drug-trafficking, and being a felon in possession of a firearm.[1]  *See* 21 U.S.C. § 841(a)(1), (b)(1); 18 U.S.C. §§ 922(g)(1), 924(a)(8), (c)(1)(A).  Previously represented by five different court-appointed attorneys, Wright has been proceeding *pro se* since March 7, 2025, with his most-recent former attorney serving as stand-by counsel.  A jury trial is set to begin on Tuesday, May 27, 2025.  He is currently detained at the Douglas County Correction Center in Omaha, Nebraska.

        Now before the Court are a sea of objections (Filing Nos. 251, 253, 257, 262, 264, 265, 274, 276, 281, 287, 323, 327, 335) and motions in limine (Filing Nos. 209, 298, 299, 300, 389) Wright filed in recent weeks.[2]  The Court addresses each of them below.

---

[1]The underlying facts relevant to the Court's discussion are voluminous and have been thoroughly set forth in prior findings, recommendations, and orders (Filing Nos. 80, 172, 235, 306).  Given the number and range of issues raised by Wright, they are not repeated here for the sake of brevity.

[2]Wright's other pending motions in limine (Filing Nos. 282, 297, 328, 409) are set for hearing the morning of May 27.

## I.    OBJECTIONS

### A.    Standards of Review

Magistrate judges perform various duties in criminal proceedings in this Court. *See*, *generally*, 28 U.S.C. § 636; Fed. R. Crim. P. 59; NECrimR 59.1.  Many of those concern nondispositive matters—that is, any pretrial issue "that does not dispose of a charge or defense."  Fed. R. Crim. P. 59(a).  The magistrate judge has authority to conduct any required hearings and make determinations on those matters.  *See* 28 U.S.C. § 636(b)(1)(A).  If a party objects to such a ruling, the Court may reconsider it if it "is clearly erroneous or contrary to law."  *Id.*; *accord* Fed. R. Crim. P. 59(a).

In that context, the Court's review is deferential.  *See United States v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001); *United States v. Rivera-Banchs*, 516 F. Supp. 3d 316, 319-20 (W.D.N.Y. 2021).  A finding is clearly erroneous "only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if [the Court is] left with the definite and firm conviction that an error was made." *E&I Glob. Energy Servs., Inc. v. Liberty Mut. Ins. Co.*, 134 F.4th 504, 511 (8th Cir. 2025) (quoting *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013)).  Courts in this circuit generally consider a magistrate judge's decision to be contrary to law where "it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *United States v. Melton*, 948 F. Supp. 2d 998, 1002 (N.D. Iowa 2013) (quoting *Catskill Dev., LLC v. Park Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)); *see also Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)); *accord Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).

Dispositive matters, on the other hand, include any "motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense."  Fed. R. Crim. P. 59(b)(1).  The Court may refer such issues to a magistrate judge, who must then hold any necessary hearings and consider the merits of those matters.  *See id.*; 28 U.S.C. § 636(b)(1)(B).  The magistrate judge then submits to

the district judge "proposed findings of fact and recommendations for the disposition" of dispositive matters.  28 U.S.C. § 636(b)(1)(B); *accord* Fed. R. Crim. P. 59(b)(1).

With regard to dispositive matters, "[a] district court must make a de novo determination of those portions of a magistrate's report and recommendation to which objections are made."  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (citing 28 U.S.C. § 636(b)(1)); *see also United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). "When de novo review is compelled, no form of appellate deference is acceptable." *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991).  That means the Court gives "fresh consideration to those issues to which specific objections" have been made. *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (internal quotation omitted).

While the law requires the district judge to make a "de novo determination," it does not require "a de novo hearing."  *Id.* at 676.  Instead, the Court must conduct a meaningful review of the record and the magistrate judge's findings and recommendations.  *United States v. Azure*, 539 F.3d 904, 909-10 (8th Cir. 2008).  The Court may receive additional evidence in considering objections to a magistrate judge's ruling on a dispositive motion.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  No review is required in relation to unobjected-to portions of a magistrate judge's findings and recommendations.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) ("[T]he failure to file objections eliminates not only the need for de novo review, but *any* review by the district court."); Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review.").

## B.    Analysis

### 1.    Non-Dispositive Matters

#### a.    Motion in Limine and Request for *Daubert* Hearing

With the assistance of his then-counsel, Wright filed a Motion in Limine and Request for *Daubert* Hearing (Filing No. 195).  *See Daubert v. Merrell Dow Pharms.,*

*Inc.*, 509 U.S. 579, 589-93 (1993) (describing the district court's duty to ensure the reliability of scientific evidence). Wright sought the exclusion of "DNA [e]vidence and . . . the STRmix of DNA report by the [g]overnment." As Wright's brief (Filing No. 195-1) described, that evidence resulted from a buccal swab performed on Wright pursuant to a state-court order. The government's expert then performed a test comparing Wright's DNA sample to those retrieved from swabbing the three firearms he is alleged to have possessed as part of the charges against him.

In support of exclusion, Wright asserted that the report actually demonstrated a very low probability that his DNA contributed to the DNA on two of the firearms.[3] He emphasizes those relatively meager statistics and the fact that "only a partial DNA profile [was] generated, with low-level DNA." The government opposed Wright's motion (Filing No. 222), asserting "STRmix has been determined to be reliable" and any weaknesses Wright raises "go to the weight of the evidence, not admissibility."

The magistrate judge[4] denied (Filing No. 235) Wright's motion. He ultimately found that Wright failed to demonstrate "that STRmix is unreliable as a method of testing DNA analysis." Wright objects (Filing No. 265) to that determination and largely asserts the same arguments as those included in his initial motion. Those arguments do not persuade the Court that the magistrate judge erred in denying his motion. Nor does the Court independently see any grounds on which the decision could be clearly erroneous or contrary to law. Wright's objection is overruled.

### b.    Motion to Quash Arrest Warrant

Wright also filed a Motion to Quash Arrest Warrant (Filing No. 199) asserting the arrest warrant issued for him in relation to a supervised release violation in his earlier

---

[3]With regard to the third firearm, the DNA report found "no support that" Wright could "be included as a contributor" to its DNA mixture (Filing No. 196-1).

[4]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

case in this Court (Filing No. 43, Case No. 8:21CR67) was invalid because the warrant affidavit contained false material statements. *See Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). Wright focused on the affidavit's assertion that he appeared on video "shooting a firearm." In Wright's view, this description is contradicted by other reports from law enforcement and the government that Wright's weapon actually malfunctioned and never fired (Filing No. 199-1). The government opposed (Filing No. 222) Wright's motion on various grounds.

Based on Wright's arguments, the magistrate judge aptly construed the motion as one for a *Franks* hearing (Filing No. 235). *See id.* (setting forth the circumstances under which such an evidentiary hearing is mandated). He then concluded that Wright "fail[ed] to identify how the affiant . . . made any deliberate or misleading statements." *See id.* at 171 (explaining "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof"). The magistrate judge further found that probable cause would still exist under the warrant for a probation violation in Wright's other case if the alleged discrepancies were removed. *See id.* (stating no hearing is required where "there remains sufficient content in the warrant affidavit to support a finding of probable cause" without the alleged falsity).

Again, Wright objects (Filing No. 264). He questions the magistrate judge's probable cause analysis, accusing him of failing to stay within the "four corners of the affidavit," and reasserts his complaints with the affidavit's wording. *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999) (quoting *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995)). But the Court is not persuaded that the magistrate judge's ruling was clearly erroneous or contrary to law. The magistrate judge reasonably applied *Franks* in finding Wright had not sufficiently demonstrated that the affiant engaged in "deliberate or reckless untruthfulness." 438 U.S. at 166. Wright's objection is overruled.

### c.    Motion in Limine to Exclude Vigilnet GPS Evidence

Wright's next Motion in Limine (Filing No. 209) concerned "Vigilnet GPS evidence." He alleged the government withheld that evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and requested a hearing. In his brief (Filing No. 209-1), Wright claimed the government disclosed the existence of this GPS evidence in December 2023 but refused to provide it to him.

The government's response (Filing No. 222) explained this GPS data concerned Wright's sister and "ha[d] been disclosed to [his] counsel on multiple occasions." The government further stated it did not "mail the location data" to Wright in jail due to the obvious sensitivity of the information and previously explained that decision to Wright in an earlier discovery letter.

The magistrate judge held a pretrial conference on February 13, 2025. During the conference, Wright's then-counsel and the government stipulated that the government had provided the Vigilnet evidence to his counsel. The magistrate judge entered an Order (Filing No. 225) that day stating, among other things, that the "parties reached a stipulation concerning [the] Vigilnet [e]vidence," thereby mooting Wright's motion in limine.

Now proceeding *pro se*, Wright objected (Filing No. 257) on March 21, 2025, asserting he still hadn't seen the location evidence. The government has since confirmed (Filing No. 305) that they sent the requested evidence to Wright on March 20. Based on that representation, the Court agrees with the government that Wright's objection is moot.

### d.    Motion to Compel

Wright later filed a Motion to Compel (Filing No. 256) asking the Court to order the government to "disclose how police officers received information the box was transported to" another individual's residence. That information was also the subject of a

Motion to Dismiss (Filing No. 277) Wright filed shortly after. The magistrate judge denied Wright's Motion to Compel as untimely on March 24.

Wright objected (Filing No. 276) a week later. He asserts the magistrate judge erred because his motion was not one under Federal Rule of Criminal Procedure 12(b)(3) and "can be filed at any time before trial." In this case, the deadline for pretrial motions was January 10, 2025 (Filing No. 192). *See* Fed. R. Crim. P. 12(c)(1). A motion for "discovery under Rule 16" is included in the list of motions that must be raised by that deadline. Fed. R. Crim. P. 12(b)(3)(E). Wright's objection is therefore meritless and overruled.

### 2.    Dispositive Matters[5]

#### a.    Motion to Suppress Search Warrant

Wright filed a Motion to Suppress Search Warrant (Filing No. 197) claiming the "search warrant issued November 2, 2022, by Judge Lowe of Douglas County Court" was obtained based on the affidavit's "deliberate falsehoods." *See Franks*, 438 U.S. at 171-72. His brief (Filing No. 197-1) elaborates on his proffered grounds for suppression, including his claim that the application for the search warrant provided an insufficient description of where the subject "grey and silver Sentry safe" would be found.

His primary complaint is that the search-warrant application improperly omitted relevant details. Wright explains that—although the affiant clearly relied on the jailhouse calls between Wright and his sister in obtaining the search warrant—the application omitted material statements made in the jailhouse calls and details of how the police received information about the transportation of the safe to another individual's residence. He asserts the omitted information would reveal his sister had control over the

---

[5]Wright did not object to the magistrate judge's recommendations (Filing Nos. 235, 318) that his "Motion to Dismiss for Deprivation of Defendant's Civil Rights" (Filing No. 204) and "Motion to Dismiss Pursuant to Governmental Selective Prosecution" (Filing No. 290) be denied. Those recommendations are therefore accepted in their entirety.

suspect "box."  Essentially, with the context Wright claims is missing, he believes the statements included in the search-warrant affidavit would be much less incriminating.

The government opposed suppression (Filing No. 222).  In sum, it argued (1) the warrant satisfied the "particularity requirement," (2) probable cause would not be invalidated by his sister having control over the safe, and (3) Wright's assertions calling into doubt his possession of the safe is a trial issue irrelevant to suppression.

In making his findings and recommendation (Filing No. 235), the magistrate judge reviewed the Court's previous denial (Filing No. 172) of Wright's request for a *Franks* hearing on those same grounds (Filing No. 60).  There, the magistrate judge then assigned to the case[6] held that any omissions were not intentional falsehoods and that probable cause was not impacted by the inclusion of any complained-of statements.  After reviewing those earlier rulings, the magistrate judge found relitigation of the issue was precluded by the law-of-the-case doctrine.

He then went on to thoroughly consider Wright's arguments regarding the search warrant's particularity and the application's alleged omissions.  Reviewing the warrant, the magistrate judge found it was "sufficiently particular and satisfied Fourth Amendment muster" given that it was limited to the safe that was—by that time—already in law enforcement's possession.  The magistrate judge recommended the motion to suppress be denied without a hearing.

Wright has filed a number of objections (Filing Nos. 253, 262, 274, 281) to that recommendation, which he has amended and asked to have consolidated (Filing No. 286).  In one of those objections, he largely reiterates the standard under *Franks* and his varied assertions of the alleged omissions and falsehoods riddling the search warrant application.  Several of the objections mention his claims that the affidavit falsely

---

[6]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.  This matter was reassigned to Magistrate Judge Carson on November 12, 2024, after he was sworn in.

recounted his sister's statements about the safe—arguments that he raised in his original *Franks* motion (Filing No. 60) but not in his more-recent motion to suppress. Wright also claims the magistrate judge "mischaracteriz[ed] the law of the case doctrine."

Wright's objections mostly fail to assert specific complaints with the magistrate judge's recommendation. For the most part, Wright complains about ostensibly contradictory statements that he highlighted in his earlier request for a *Franks* hearing. Those issues were not considered by the magistrate judge here as Wright failed to raise them in relation to the present motion.

On de novo review, the Court further concludes that Wright's motion failed to demonstrate a colorable ground to suppress evidence based on any omission of facts. The omitted details Wright complains of are not as relevant to probable cause as he asserts. Importantly, the search warrant he challenges was the one used to search the safe once it was already seized, *not* to seize it from the residence where it was found. Therefore, his argument that the affidavit failed to provide "a nexus between the contraband and the place to be searched" fails because the relevant search warrant was not executed to search the residence. *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000). Wright also fails to explain how the statements bearing on whether Wright or his sister possessed the safe affect the presence of probable cause to search the safe. *See Franks*, 438 U.S. at 171-72.

The Court therefore overrules Wright's objections and accepts the magistrate judge's recommendation based on the reasoning above. Wright's Motion to Suppress Search Warrant is denied.

### b.   Motion to Suppress Order for Identifying Physical Characteristics

Wright similarly takes issue with and seeks the "suppression" of a November 4, 2022, Order for Identifying Physical Characteristics to obtain a saliva sample (Filing

No. 207).  He somewhat confusingly claims (Filing No. 207-1) "[t]he November 4, 2022 affidavit for the Order Identifying Physical Characteristics contains information not included in the November 2, 2022 search warrant application and omits information contained in the November 5, 2022 supplemental report."  As restated by Wright, the November 5 report contained more specifics about the firearms and drugs found in the safe than did the November 4 affidavit.  Without honing in on the particular significance of any of those facts, Wright asserts the affiant intentionally omitted material facts in a "continued effort to mislead and deceive the issuing judge."

Unsurprisingly, the government opposed (Filing No. 222) Wright's motion.  It asserted Wright's allegations about the affiant's omissions were "conclusory statements" that failed to meet the burden to necessitate a *Franks* hearing.  The government also pointed to Wright's failure to explain "why the description of the firearms and drugs seized would have affected probable cause."  On this latter point, the magistrate judge agreed and recommended (Filing No. 235) Wright's motion to suppress be denied.

Wright objected (Filing No. 251) to this recommendation on March 17, 2025.  His objections appear to reassert a variety of *Franks* arguments he has made in relation to the various search warrants issued in his case.  A few days later, the Court received a "Motion of Leave" (Filing No. 252) from Wright asking "to withdraw [his] objections to the Magistrate's recommendation recommending denial of [his] motion to suppress search warrant" and file the amended objections (Filing No. 253).

Because the only objections received at that time were Wright's March 17 objections regarding the Motion to Suppress Order for Identifying Physical Characteristics, the magistrate judge deemed those objections withdrawn (Filing No. 258).  On the Court's close review of the now much-more-developed record, it is not clear from Wright's filings that he intended to withdraw his objection to the magistrate judge's recommendation with regard to his Motion to Suppress Order for Identifying

10

Physical Characteristic.  Therefore, out of an abundance of caution, the Court reviews the findings and recommendation de novo.

Taking into account the parties' arguments, the magistrate judge's analysis, and Wright's objection, the Court agrees that Wright failed to demonstrate how any details omitted about the firearms and drugs affected the existence of probable cause for the saliva sample.  *See Franks*, 438 U.S. at 171-72.  Any remaining objections to the magistrate judge's recommendation are overruled, and Wright's motion is denied.

### c.      Motion to Dismiss on Speedy Trial Grounds

Wright filed a *pro se* "Motion to Dismiss pursuant to The Speedy Trial Act, Title 18 U.S.C. 3161 [a]nd [t]he Sixth Amendment" (Filing No. 261) on March 24, 2025.[7] Wright claimed that he continuously asserted his right to a speedy trial and should not "be held liable for [his] prior attornies [*sic*] who filed motions for extensions and continuances without [his] consent or knowledge."  In addition to his general grievances about the duration of his pretrial detention, Wright highlighted time frames during which he believed the speedy-trial clock should have run.  He also specified two continuances he claims were "filed frivolously without merit."

The government countered that the delays in this case are mostly attributable to Wright (Filing No. 293).  It highlighted "his seven changes in representation," numerous pretrial motions, and dozens of *pro se* filings.  The government assessed each time period that Wright asserted should have counted toward his speedy trial clock and described the reason each was at least partially excludable.  *See* 18 U.S.C. § 3161(h)(1) (setting forth different "periods of delay [that] shall be excluded" in such calculations).

---

[7]The Court received Wright's *pro se* brief and affidavit (Filing No. 249, 254) in support of dismissal on this ground before this motion was filed.  In ruling on Wright's objections, it has reviewed and considered the arguments he asserts across these various filings.

On April 18, the magistrate judge recommended denial (Filing No. 306).  There, he thoroughly summarized the procedural history of Wright's case.  Going through the history of the case, he calculated only 58 non-excludable days had passed of the 70 permitted under the Speedy Trial Act.  The magistrate judge further found that the periods of transportation "to and from Bureau of Prison facilities for purposes of his evaluations" "were reasonable or otherwise excludable."  Finally, the magistrate judge considered the *Barker v. Wingo*, 407 U.S. 514, 530 (1972), factors and concluded the proceedings did not violate Wright's Sixth Amendment rights.

Wright objected (Filing No. 323) on April 24.  He again asserted time frames he believes should have contributed more to the calculation of non-excludable days, including (1) August 28, 2023, through October 13, 2023, (2) February 2, 2024, through June 27, 2024, (3) June 27, 2024, through July 24, 2024, and (4) November 8, 2024, through December 18, 2024.

On the same day, the Court received an amended motion to dismiss (Filing No. 320) on speedy-trial ground.  In it, Wright asserted the same arguments as his previous motion and the objection received that same day but added several other time frames ranges that he believes should also partially count toward his speedy trial clock. In all, he calculated there were "250 non-excludable days."  Additionally, he elaborated again on his Sixth Amendment arguments, claiming that the government is to blame for much of the delay in his case and that he has continuously asserted his rights.  The motion was submitted with a Motion for Leave to Withdraw (Filing No. 322) in which Wright asked to withdraw his earlier speedy-trial arguments, including the motion already ruled on by the magistrate judge.

The timing was perplexing to say the least.  The magistrate judge analyzed Wright's filings, including his letter (Filing No. 321) explaining his amended motion was sent before he received the magistrate judge's ruling on his earlier motion in the mail.

12

The magistrate judge therefore denied the amended motion as moot (Filing No. 329) and added it would have been untimely anyway.

Wright objected (Filing No. 335) on May 7.  He claims the magistrate judge erred in finding his amended motion was untimely.  In Wright's view, his "motion can be filed at any time prior to trial."  That objection is easily overruled.  Under Rule 12(b)(3) and (c), the Court may set a deadline for pretrial motions, including a motion asserting a "violation of the constitutional right to a speedy trial."  Again, the deadline in this case was January 10.

Even assuming the timeliness of Wright's amended motion, none of his asserted arguments for dismissal have merit.  To start, Wright has not demonstrated any violation of the Speedy Trial Act based on the calculations of his asserted, non-excludable time frames.  Those are each assessed as follows:

*November 22, 2022, through December 11, 2022*

Wright asserts 20 non-excludable days are attributable to this time.  In his calculations, the magistrate judge found the speedy-trial clock "began to run the" day after November 22, 2022, until Wright's counsel moved "to extend the pretrial motions deadline on November 29, 2022."  He assessed 6 non-excludable days through the magistrate judge's decision of that motion on November 30, 2022.  According to the magistrate judge, 12 more non-excludable days passed from December 1 to December 12.  Those calculations were correct: 18, not 20, non-excludable days are attributable to this time.  *See* 18 U.S.C. § 3161(h)(1)(D).

*February 11, 2023, through March 6, 2023*

The magistrate judge's calculations accord with Wright's assertion that 24 non-excludable days passed during this time.

*August 29, 2023, through October 12, 2023*

Wright cites 18 U.S.C. § 3161(h)(1)(H) to argue that only 30 days were excludable during the time that passed while the magistrate judge then assigned to his case considered his *Franks* motion. That motion was filed on July 13, 2023. After the government responded, a hearing was held on the motion on September 26, 2023. Under § 3161(h)(1)(D), the time from July 13, 2023, through September 26, 2023, was entirely excludable. Section 3161(h)(1)(H) then rendered excludable the 30 days that followed the September 26, 2023, hearing. This entire time frame was therefore excludable.

*February 2, 2024, through June 27, 2024*

Wright asserts that only 30 days of this 147-day time frame are excludable under § 3161(h)(1)(J). During this time, Wright had multiple pretrial motions pending. Those motions were filed on December 22, 2023, and the government responded on January 31, 2024. In the meantime, Wright moved for new counsel. Understandably, the hearing on these pretrial motions was pushed back to June 27, 2024. That entire time, from January 31, 2024, to June 27, 2024, is excludable under § 3161(h)(1)(D). Contrary to Wright's arguments, his motions were not yet "under advisement" for § 3161(h)(1)(J) to apply.

*June 27, 2024, through July 24, 2024*

As the magistrate judge acknowledged, the previous magistrate judge assigned to this case excluded the time from June 27, 2024, to August 29, 2024, while Wright's competency was evaluated. That "delay resulting from a[] proceeding . . . to determine [Wright's] mental competency" was fully excludable under § 3161(h)(1)(A). Wright's alternative focus on § 3161(h)(1)(F) and (H) is misplaced.

14

*August 8, 2024, to August 19, 2024*

Despite Wright's arguments, this time frame is excludable as described above and also for the reasons described in the magistrate judge's calculations.

*August 29, 2024, through September 13, 2024*

Wright cites § 3161(h)(1)(F) and (H) again to assert that only 10 of these days were excludable. But as the magistrate judge explained, Wright orally agreed on the record that this time should be excluded during the pendency of the second competency evaluation. That report was not filed until December 20, 2024. Thus, all of the time between August 29 through December 20 was excludable.

*November 8, 2024, through December 18, 2024*

Wright avers that only 10 days during this time frame are excludable based on his transportation to a different facility. *See* 18 U.S.C. § 3161(h)(1)(F). But this entire time was excludable for the reason stated above: Wright agreed to the exclusion.

*December 19, 2024, through January 5, 2025*

The magistrate judge's calculation that 16 non-excludable days passed during this time largely coincide with Wright's own analysis. Wright's assertion that 18 non-excludable days passed is incorrect for two reasons. The second competency-evaluation report was not filed until December 20, 2024, and the time proceeding that date was excludable as explained above. Further, Wright filed his pretrial motions on January 5, 2025, making that day excludable under § 3161(h)(1)(D).

Nor does the record support dismissing this case based on Wright's Sixth Amendment arguments. To be sure, this case has been pending longer than most criminal cases in our Court. And as the magistrate judge acknowledged, that delay in getting this case to trial triggers analysis of the *Barker* factors. *See Barker*, 407 U.S. at 530 (stating

15

the inquiry is not necessary unless "there is some delay that is presumptively prejudicial"); *United States v. Cooley*, 63 F.4th 1173, 1177 (8th Cir. 2023) (finding a 28-month delay presumptively prejudicial).

But analyzing the specific circumstances of this case under the *Barker* factors fails to reveal any violation of Wright's constitutional rights. The Court is required to balance four factors, namely the "[l]ength of delay, the reason for the delay, the defendant's assertion of his speedy trial right, and prejudice to the defendant." *Cooley*, 63 F.4th at 1177 (quoting *Barker*, 407 U.S. at 530).

When it comes to how these factors balance out, Wright is wrong. In this respect, the Court wholly agrees with the magistrate judge's assessment. To start, the length of the delay in this case is longer than average, but "not extraordinary" given the circumstances. *See id.* at 1178. And while Wright points out that some of it is attributable to the government and the Court, the bulk of the reasons for the delay were to evaluate Wright's competency, accommodate his repeated changes in representation, and fairly consider his copious filings. There is simply no plausible evidence of any intentional government delay in this matter. *See Barker*, 407 U.S. at 531 (explaining intentional delay should weigh heavily against the government but more neutral reasons should weigh less).

Wright's arguments also do not warrant giving much weight to the third *Barker* factor. As the magistrate judge explained, Wright expressly waived his rights on the record when continuances were sought. Even though he now raises the issue—on the eve of trial no less—his belated assertion of his rights adds little weight to the Court's analysis. *See Cooley*, 63 F.4th at 1178-79 (assigning neutral weight where the defendant "undeniably asserted his right to a speedy trial").

Finally, Wright does not make the requisite showing of prejudice to demonstrate a violation of his Sixth Amendment rights. He asserts he has experienced anxiety from this

16

delay and has communicated his concerns to the Court. But that is not enough. "Anxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served" by a Sixth Amendment challenge. *United States v. Shepard*, 462 F.3d 847, 865 (8th Cir. 2006). Without any demonstration that "the delay resulted in a loss of evidence or witness testimony, or any impediment to his ability to mount a defense," Wright's argument fails. *Cooley*, 63 F.4th at 1180.

Wright's objections to the magistrate judge's rulings are overruled. His motions to dismiss based on his statutory and constitutional speedy trial-rights are denied on their merits.

### d.    Motions to Dismiss on *Brady* Grounds

On March 31, 2025, Wright filed a "Motion to Dismiss pursuant to *Brady v. Maryland* 373 U.S. 83 (1963), The Due Process Protections Act" (Filing No. 277). He asserts the government "continuously withheld how law enforcement officials received information" that the safe "was likely transported to" another individual's residence that was later searched. Wright claims that information is exculpatory and material to guilt because in his view that search "serves as the sole basis to the charges" in this case.

On April 8, the magistrate judge recommended (Filing No. 280) the motion be denied "[b]ecause [it] is untimely, the issue has already been raised and addressed before, and the defendant cannot show the evidence is material." He first acknowledged that such *Brady* motions are generally construed as discovery issues at the pretrial stage. He further explained that the pretrial-motion deadline had long since passed, and that no good cause existed to excuse the untimeliness of Wright's motion, given the evidence that he has been aware of the issue raised since November 2023. Looking to the Court's previous rulings on this matter, the magistrate judge concluded Wright "cannot show that the requested information was not disclosed and, even if it was not, that it is favorable to him and would result in the proceedings being different."

17

The Court received an amended motion (Filing No. 285) from Wright on April 11, which it denied as moot (Filing No. 316) for largely the same reasons described above with regard to speedy trial. His objections to the original recommendation (Filing No. 287) and to the latter denial of his amended motion (Filing No. 327) were received on April 14 and April 28, respectively.

Reviewing the matter de novo, the Court agrees with the magistrate judge on all fronts. Wright's *Brady* motions are untimely. At the time of the pretrial-motion deadline months earlier, Wright was represented by counsel who filed numerous pretrial motions on his behalf. It is obvious from the record of this case that Wright was aware of his *Brady*-related concerns with regard to this information. Still, he did not raise them in time. The Court similarly harbors the same doubts about the merits of his arguments. Beyond his conclusory statements, Wright has simply not demonstrated the existence of material information that he has not received. His objections are overruled and his motions are denied.

## II.     MOTIONS IN LIMINE

### A.     Standard of Review

The Court's "inherent authority to manage the course of trials" permits it to make some pretrial "in limine" evidentiary rulings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Evidentiary "rulings made by a trial court during motions in limine are preliminary," however, "and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000).

District courts enjoy "broad discretion in determining the relevancy and admissibility of evidence." *United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007). Such determinations are guided by the fact that "[t]he Federal Rules of Evidence 'favor admitting relevant evidence absent a specific reason to exclude it.'" *Doe v. Young*, 664 F.3d 727, 733 (8th Cir. 2011) (quoting *Moore v. United States*, 648 F.3d 634, 639 (8th Cir. 2011)).

18

### B.    Analysis

#### 1.    Dr. Kristin Conlon

On March 25, 2025, the government filed a Notice of Expert Witness Testimony (Filing No. 269) expressing its intent to elicit testimony at trial from Kristin Conlon, Psy.D. ("Dr. Conlon").  *See* Fed. R. Crim. P. 16(a)(1)(G) (governing the disclosure of expert witnesses in criminal proceedings).  Dr. Conlon is a licensed clinical psychologist and a forensic evaluator at the Metropolitan Correctional Center in Chicago, Illinois (Filing No. 269-1).  According to the government, Dr. Conlon evaluated Wright there "to determine his sanity at the time of the alleged offenses" and his "competency to stand trial."

Wright now moves to exclude (Filing No. 298) Dr. Conlon's testimony on the basis that "she is not a credible or reliable expert witness."  In support, he asserts Dr. Conlon "has a flagrant history of incorrectly evaluating and diagnosing individuals under her supervision."  His motion mainly focuses on one individual he alleges she "removed . . . from psychological observation" only a day before he died by suicide.  Wright appears to base those assertions on the civil complaint filed against Dr. Conlon and others by the deceased's estate (Filing No. 1-1 in Case No. 2:22-cv-03346-JP, E.D. Pa.).  That complaint was promptly dismissed (Filing No. 7 in Case No. 2:22-cv-03346-JP, E.D. Pa.) on an unopposed Motion to Dismiss for Lack of Subject Matter Jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  Those allegations from a separate, civil case bear no weight here.

The Court plays an important gatekeeping role in ensuring expert testimony is relevant and reliable.  *See Daubert*, 509 U.S. at 589-93; *United States v. Bahena*, 223 F.3d 797, 808 (8th Cir. 2000) ("*Daubert* does apply to criminal cases.").  But the admission of expert testimony is also meant to be liberal.  *See Daubert*, 509 U.S. at 588 (describing the "'liberal thrust' of the Federal Rules and their 'general approach of relaxing the traditional barriers to opinion testimony'" (internal citation omitted)). "As long as the expert's scientific testimony rests upon 'good grounds, based on what is

known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) (quoting *Daubert*, 509 U.S. at 590); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (stating "the trial judge must have considerable leeway in" determining the reliability of an expert's testimony in each case).

Wright's motion does not raise any valid grounds for wholly excluding Dr. Conlon's testimony before trial. His unverified assertions about Dr. Conlon's treatment of an unrelated individual do not suffice to demonstrate a "flagrant history of incorrectly evaluating and diagnosing individuals." Nor does it call into question her qualifications or the reliability of the methods she utilized in evaluating Wright. *See Kumho*, 526 U.S. at 152 (explaining that the district court's reliability inquiry centers around whether the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field"). That motion is therefore denied.

### 2.    Uncharged Crimes and Individuals

In a one paragraph motion (Filing No. 299), Wright asks the Court to "exclude any government testimony in reference to any uncharged crimes or allegations additionally any uncharged individual on hearsay basis." The caption of his motion indicates his request is based on Federal Rule of Evidence 404. That rule generally bars evidence "of any other crime, wrong, or act" used "to prove a person's character." Fed. R. Evid. 404(b)(1).

In that vein, Wright is correct that evidence of "uncharged crimes" may be inadmissible at trial. Such evidence could be admissible, however, to prove "motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

20

Wright does not describe the particular evidence he seeks to exclude. As is evident from Rule 404(b)(2), the Court cannot say—at this point—that any evidence of other criminal acts is categorically inadmissible. In sum, Wright's motion is too vague and broad to be the subject of a pre-trial order. But Wright is permitted to make timely and proper objections to this end in response to the government's motion in limine (Filing No. 343) and to specific exhibits and statements offered at trial. His motion is therefore denied without prejudice.

### 3.     GPS Location

Wright moves (Filing No. 300) under Rule 403 to exclude evidence of his sister's "GPS location on" November 2, 2022. Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." He asserts the GPS evidence may "mislead the jury or confuse the issue at hand" because it "does not demonstrate or establish [his] possession of the illic[i]t contraband at any time."

Without more information, the Court cannot say that evidence's "probative value is substantially outweighed by" the dangers Wright cites. Fed. R. Evid. 403. The Federal Rules of Evidence do not expect or require that every piece of evidence offered by Wright or the government will bear directly on an element of one of the charges. Instead, they presume the admissibility of relevant evidence, that is evidence that "has any tendency to make a fact more or less probable" or "is of consequence in determining the action." Fed. R. Evid. 401; *see also* Fed. R. Evid. 402 (providing "[r]elevant evidence is admissible unless" it is barred by another rule, statute, or the U.S. Constitution).

In the context of the government's theory of Wright's case, this evidence may well be probative in a number of ways. Wright's brief motion does not acknowledge that possibility or persuasively demonstrate the likelihood that the evidence will confuse or

mislead the jury. His motion is denied without prejudice to his timely and proper assertion of Rule 403 objections at trial.

### 4. Confrontation Clause

On May 20, the Court received another Motion in Limine (Filing No. 389) filed by Wright citing Rule 403 and the Sixth Amendment Confrontation Clause. He generally asks the Court "to prohibit the [g]overnment's usage of statements, evidence, and testimony of witnesses the [g]overnment is unable to produce" at trial. As with many of his other motions, Wright seems to understand how such evidence could be objectionable but does not point to any particular evidence he believes will be introduced. For the reasons described above, then, the Court denies his motion without prejudice to his proper assertion of timely objections at trial to such evidence.

## III. CONCLUSION

As explained above, Wright may assert proper and timely objections at trial with regard to a number of his evidentiary concerns. He is again reminded, however, that—as a *pro se* defendant—he is expected to follow the local rules and the Federal Rules of Evidence. *See* NEGenR 1.3(g); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 784 (5th Cir. 2014) ("Despite our general willingness to construe pro se filings liberally, we still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'" (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013))); *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam))). In that vein, he will not otherwise be permitted to relitigate the specific legal arguments raised in his various pretrial motions. Any such argumentation is likely to be irrelevant, confusing to the jury, and wasteful of judicial resources. Thus, in light of foregoing,

IT IS ORDERED:

1.      Defendant Clifford Wright III's objections (Filing Nos. 257, 264, 265, 276) to the magistrate judge's rulings on nondispositive matters (Filing Nos. 225, 235, 260) are overruled.  The magistrate judge's rulings are affirmed.

2.      Wright's objections (Filing Nos. 251, 253, 262, 274, 281, 287, 323, 327, 335) to the magistrate judge's findings and recommendations (Filing Nos. 235, 280, 306, 318) on his dispositive motions are likewise overruled. Those findings and recommendations are accepted as described above.

3.      Wright's motions (Filing Nos. 197, 204, 207, 261, 277, 285, 290, 320) are denied.

4.      Wright's motion in limine seeking to exclude the testimony of Dr. Kristin Conlon (Filing No. 298) is denied.  His motions in limine concerning evidence of uncharged crimes (Filing No. 299), GPS-location evidence (Filing No. 300), and his Confrontation Clause rights (Filing No. 389) are denied without prejudice to his ability to timely assert objections at trial.

Dated this 23rd day of May 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge