IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR253 |
| v. | |
| CLIFFORD WRIGHT III, | ORDER |
| Defendant. | |

On June 6, 2025, a jury found defendant Clifford Wright III ("Wright") guilty of possessing with intent to distribute forty grams or more of fentanyl, possessing a firearm in furtherance of that crime, and being a felon in possession of a firearm. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iv); 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A). Wright has since filed a number of *pro se* motions, some seeking traditional forms of post-trial relief and others making miscellaneous requests related to those post-trial motions. The Court takes up the latter now to clear some underbrush as it considers his substantive motions.

One of those submissions is Wright's "Post [T]rial Motion to Dismiss" based on purported violations of his constitutional and statutory rights to a speedy trial (Filing No. 494). *See* U.S. Const. amend. VI; 18 U.S.C. § 3161. This is not the first time Wright has addressed these issues. Before trial, Wright also moved to dismiss (Filing No. 261) the charges against him on largely the same speedy-trial grounds. *See* Fed. R. Crim. P. 12(b)(3) (requiring motions asserting "a violation of the constitutional right to speedy trial" to be submitted before trial "if the basis for the motion is then reasonably available").

Over Wright's objections (Filing No. 323), the Court accepted (Filing No. 420) the magistrate judge's recommendation to deny that motion (Filing No. 306). At that time, the Court carefully considered Wright's constitutional arguments and suggested grounds

8:22-cr-00253-RFR-RCC     Doc # 529     Filed: 07/18/25     Page 2 of 5 - Page ID # 2064

for statutory calculations of the relatively lengthy pretrial proceedings in his case. The Court ultimately found neither warranted dismissing the charges against Wright.

Nearly all of the issues Wright now raises were addressed by the Court in its ruling on his pretrial motion to dismiss. In a subsequent motion, Wright asks the Court to construe (Filing No. 500) his latest speedy-trial motion as one for "reconsideration." *See United States v. Luger*, 837 F.3d 870, 876 (8th Cir. 2016) (avoiding the question of "whether to import the civil motion for reconsideration standard into the criminal context"); *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (explaining that, though "[n]one of the Rules of Criminal Procedure authorizes a generic motion to reconsider," the United States Supreme Court has concluded such motions are proper). He maintains "[a] total of 124 non-excludable days have occurred" in his case and that the government caused the bulk of the delays in the face of his "zealous[] advoca[cy]" and persistent assertion of his speedy-trial rights.

As before, the Court disagrees. Wright presents no grounds that persuade the Court to change the course it took with his earlier speedy-trial motion. His post-trial motion to dismiss on those grounds, construed as a motion for reconsideration, is therefore denied. Any further dissatisfaction Wright has with the Court's ruling can be explored on appeal.

Next, Wright asks the Court to consolidate (Filing No. 511) his various filings in support of his "Motion to Dismiss for Governmental Misconduct/Motion for New Trial" (Filing Nos. 497, 509). His request for consolidation is granted. The Court will consider all timely-filed submissions in support of his post-trial motions. His related request for the Court to "forward this consolidated motion" to the Eighth Circuit is denied. Should he later appeal the Court's forthcoming rulings on those motions following the entry of judgment in his case, Wright must file any briefing in support of his appeal directly with the Eighth Circuit in accordance with its rules. *See generally* 8th Cir. R. 28A.

Also before the Court are a number of requests from Wright to produce documentation and consider certain evidence in relation to his motions for post-trial relief. To start, his request for the Court "to take judicial notice of email messages sent from Craig Brown under the email account chazillionaire75@gmail.com" (Filing No. 520) is denied. Those ex parte messages from a non-party are not appropriate forms of communication with the Court, and the Court has not (and will not) consider them. *See* Code of Conduct for U.S. Judges, Canon 3(A)(4) (explaining "a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyer"). The emails sent by Mr. Brown are disregarded.

Wright further asks the Court to order the production of certain records related to his post-trial motions based on alleged "outrageous government misconduct." In a motion (Filing No. 513) received by the Clerk of Court on June 30, 2025, Wright requested the production of the (1) "unredacted unedited [F]acebook message[s]" between him and Jordyn Hunter on October 31, 2022, (2) "unredacted, unedited text messages" between him and Brittney Prince from that same day, and (3) bates-stamped discovery pages 291, 292, and 293. Several days later, Wright submitted two motions titled "Request For Supporting Exhibits – Subpoena Duces Tecum" (Filing Nos. 523, 524) asking the Court to order the production of records related to an informant and government witness in his case with the intention that those documents be considered as evidence in support of his post-trial motions.

The original deadline to file post-trial motions was June 20, 2025. *See* Fed. R. Crim. P. 29(c)(1), 39(b)(2). At a hearing on June 18, the magistrate judge generously granted Wright an extension to file such motions by June 27. He advised Wright multiple times of the importance of that deadline.

As explained in the local rules, a motion deadline applies not just to the motion itself but also to any supporting brief and exhibits the party seeks to have the Court

consider in making its determination. *See* NECrimR 12.3(b)(2) (providing that evidence "offered in support of a motion . . . must be filed simultaneously with the motion and brief"), 33.1 ("Post-trial motions must comply with Nebraska Criminal Rule 12.3(b)(1) and (2) governing pretrial motions."). Given that, Wright's requests for the production of documents that are not already in the record are denied as untimely as those records should have been requested and provided before the lapse of his extended post-trial motion deadline. The Court was already provided bates-stamped discovery pages 291, 292, and 293, before trial and will take those records into consideration.[1] But the remaining documents referenced by Wright—including the Facebook and text message conversations that Wright was provided during trial but chose not to offer into evidence—have not been timely provided to the Court.

Thus, in light of the above,

IT IS ORDERED:

1. Defendant Clifford Wright III's *pro se* "Motion of Leave to Construe" (Filing No. 500) his post-trial speedy-trial motion (Filing No. 494) "as a motion [for] reconsideration" is granted. That speedy-trial motion—so construed—is denied.

2. Wright's *pro se* "Motion of Leave to Consolidate" (Filing No. 511) and "Request for Exhibits" (Filing No. 513) are granted in part and denied in part as set forth above.

3. Wright's *pro se* "Request for Judicial Notice" (Filing No. 520) and "Request[s] For Supporting Exhibits – Subpoena Duces Tecum" (Filing Nos. 523, 524) are denied.

---

[1] As Wright requests, the Court will also consider the exhibits filed by the government in relation to an earlier motion in limine (Filing No. 343) in ruling on his post-trial motions.

Dated this 18th day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5