IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:22CR253** |
| v. | |
| CLIFFORD WRIGHT III, | **ORDER** |
| Defendant. | |

On June 6, 2025, a jury found defendant Clifford Wright III ("Wright") guilty of possessing with intent to distribute forty grams or more of fentanyl, possessing a firearm in furtherance of that crime, and being a felon in possession of a firearm. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iv); 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A). Now before the Court are Wright's various *pro se* requests for the production of documents (Filing Nos. 507, 510, 521).

In one of those filings, Wright "moves the [] Court to Subpoena Duces Tecum [d]ocumentation and evidence from Dr. Kristin Conlon ["Dr. Conlon"] of the Metropolitan Correctional Center ["MCC"]" as well as "[e]vidence and [d]ocumentation stating the date of order directing [his] removal from the MCC." *See* Fed. R. Crim. P. 17(c); *United States v. Nixon*, 418 U.S. 683, 697-98 (1974) (stating Rule 17(c) "governs the issuance of subpoena duces tecum in federal criminal proceedings"). Rule 17(c) subpoenas are "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698. To prevent "general 'fishing expeditions,'" *id.* at 700, criminal defendants are required to demonstrate the documents sought are "material to the preparation of [their] defense," *United States v. Jean*, 891 F.3d 712, 715 (8th Cir. 2018) (*United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985)). Wright's vague request does not satisfy that requirement or even sufficiently describe the documents he seeks from Dr. Conlon. It is therefore denied.

Wright further asks the Court to "direct the government to provide the Court with [its] memorandum" submitted to the U.S. Probation and Pretrial Services Office ("probation") on June 24, 2025. Wright goes on to explain his disagreements with that memorandum, including his belief that the government falsely attempts to link him to the overdose death of his friend. Those disagreements are premature. Wright must wait to raise any such issues through his objections to the Presentence Investigation Report that has been ordered in his case.

Finally, Wright asks the Court to "direct the [g]overnment or stand-by counsel to forward [h]ospital records of [his] mental health history obtained prior to [his] evaluation" at MCC to Probation. Probation since confirmed that stand-by counsel has provided these requested records. Wright's request is now moot. Accordingly,

IT IS ORDERED:

1. Defendant Clifford Wright III's *pro se* "Subpoena Duces Tecum" request (Filing No. 507) is denied.
2. Wright's *pro se* "Motion of Leave" (Filing No. 510) regarding the government's June 24, 2025, memorandum is denied.
3. Wright's *pro se* "Motion of Leave" (Filing No. 521) asking the Court to order the production of his mental-health records is denied as moot.

Dated this 24th day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge