IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR253 |
| v. | |
| CLIFFORD WRIGHT III, | MEMORANDUM AND ORDER |
| Defendant. | |

On June 6, 2025, a jury found defendant Clifford Wright III ("Wright") guilty of possessing with intent to distribute forty grams or more of fentanyl, possessing a firearm in furtherance of that crime, and being a felon in possession of a firearm. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iv); 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A). Wright's motions for post-trial relief based on alleged government misconduct and insufficiency of the evidence (Filing Nos. 497, 499, 508) are presently under advisement. Wright is scheduled to appear before the Court for sentencing on August 29, 2025.

In the past few days, Wright has filed several *pro se* motions making a number of miscellaneous requests. The Court addresses some of those now.

First, Wright moves the Court to "reevaluate the probable cause determination analysis pursuant to only the information of the [f]our corners of the warrant affidavit" (Filing No. 530). It appears Wright is referring to the November 2, 2022, search warrant that led to the discovery of the firearms and fentanyl central to this case. That warrant was the subject of much pre-trial litigation, leading to multiple decisions (Filing Nos. 172, 182, 235, 420) by this Court and the magistrate judges variously assigned to this case.

After trial and separate from his post-trial motions, Wright effectively asks the Court to reconsider its pre-trial decisions on the legality of that search based on supposed "newly disclosed facts during in trial testimony." *See United States v. Luger*, 837 F.3d 870, 876

(8th Cir. 2016) (avoiding the question of "whether to import the civil motion for reconsideration standard into the criminal context"); *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (explaining that, though "[n]one of the Rules of Criminal Procedure authorizes a generic motion to reconsider," the United States Supreme Court has concluded such motions are proper). For one, Wright failed to file this request for relief by the post-trial motions deadline despite the fact this information was available to him immediately following trial. Still, having reviewed its prior rulings on this issue in light of Wright's arguments, the Court sees no reason to second-guess those determinations now.

Wright's "Petition[s] for Writ of Mandamus/Subpoena Duce[s] Tecum" (Filing Nos. 532, 533) are also denied. As the Court explained in its July 24, 2025, Order (Filing No. 543), which issued after Wright filed these present motions, those requests are governed by Federal Rule of Criminal Procedure 17(c). *See United States v. Nixon*, 418 U.S. 683, 697-98 (1974); *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (stating "defendants do not have a general constitutional right to discovery" but must usually "point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government"); *see also United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981) (seeing no reason why Rule 17 subpoenas "should not be available for post-trial motions and sentencing" and explaining the requirements to obtain a subpoena); *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010). Because requests for documents in criminal proceedings are not meant to provide a general means for discovery from the government, *see Nixon*, 418 U.S. at 698-700; *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013), Rule 17(c) requires defendants demonstrate—among other things—that the documents sought are "material to the preparation of [their] defense," *United States v. Jean*, 891 F.3d 712, 715 (8th Cir. 2018) (*United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985)).

Here, Wright asks the Court to order the production of correspondence between Dr. Kristin Conlon ("Dr. Conlon") and the government as well as between the government

2

and the United States Probation and Pretrial Services ("probation") officer assigned to his case. Wright asserts those communications are "relevant to [his] constitutional rights to procedural due process." He avers the government has been "highly manipulative" in his case and suspects it may have sought to influence proceedings involving Dr. Conlon and probation.

Even if that were true, it is not clear how those documents would be material to the limited matters presently before the Court, whether that be his post-trial motions or sentencing. Neither of Wright's requests ostensibly concern suspicions that would have affected the outcome of his trial. To the extent the documents could conceivably be material to sentencing, his brief speculation as to whether the government has attempted to manipulate the probation officer does not suffice to warrant production. *See Nixon*, 418 U.S. at 699-700 (explaining a party seeking a criminal subpoena must demonstrate "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition'").

Next, Wright asks the Court to strike (1) "the government's upward variance memorandum" submitted to the probation officer assigned to his case and (2) the "government's usage of . . . psych evaluations" in the presentence investigation proceedings (Filing Nos. 538, 540). As is evident from his requests, Wright's motions to strike concern matters that have not been offered as evidence or filed with the Court. Because the disputed documents are not part of the formal record at this time but are merely materials possessed by probation, there is no basis to "strike" them or otherwise bar them from consideration at this point. As explained in the Court's prior Order (Filing No. 543),

Wright's disagreements with these matters are premature and should instead be raised as objections to the Presentence Investigation Report ordered in his case.

Wright has also requested the Court issue a "gag order prohibiting the government from engaging and encouraging behaviors or conduct . . . that violate or prejudice [his] constitutional rights to" due process (Filing No. 539). That broad request does not cite to any statutes, rules, or cases demonstrating the Court's authority to issue such a vague and unwieldy order in these circumstances. *See Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 562 (1976) (explaining a "gag" order is "one of the most extraordinary remedies known to our jurisprudence"). It is therefore denied.

Finally, Wright asks the Court to reconsider (Filing No. 541) its partial denial (Filing No. 529) of his request for exhibits (Filing No. 513) related to his motion for a new trial. There, the Court determined that his request for the production of documents was, at least in part, untimely because "any supporting brief and exhibits" were due on June 27, the date of his post-trial motions deadline. Wright argues that ruling "clearly undermines the agreement between [him] and the magistrate" judge that his "post-trial request would be accepted as timely" if it was postmarked by "June 27, 2025."

Wright's request for reconsideration on that basis is denied. As explained earlier, Wright's motions for new trial and judgment of acquittal—along with any evidence offered in support of those motions—were due to the Court on or before June 27. *See* NECrimR 12.3(b)(2), 33.1. Wright's request for documents, which was postmarked on June 28, 2025, sought exhibits that were not already in the record. Because those exhibits would necessarily have to be produced *after* the June 27 deadline, the request was untimely in light of the deadlines set by the magistrate judge.

In light of all of the above,

IT IS ORDERED:

4

1. Defendant Clifford Wright III's *pro se* "Petition for Writ of Mandamus" (Filing No. 530) is denied.
2. Wright's *pro se* "Petitions for Writ of Mandamus/Subpoena Duce[s] Tecum" (Filing Nos. 532, 533) are denied.
3. Wright's *pro se* "Petition for Writ of Mandamus/Motion to Strike" (Filing No. 538) and "Motion to Strike" (Filing No. 540) are denied.
4. Wright's *pro se* "Request for Gag Order" (Filing No. 539) is denied.
5. Wright's *pro se* "Motion [to] Reconsider" (Filing No. 541) is denied.

Dated this 28th day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge