IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR253 |
| v. | |
| CLIFFORD WRIGHT III, | ORDER |
| Defendant. | |

This matter is before the Court on petitioner Clifford Wright III's ("Wright") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, brought pursuant to 28 U.S.C. § 2255 (Filing No. 585).[1] The Court has reviewed the motion and finds it must be dismissed as premature.

## I.   BACKGROUND

On June 6, 2025, a jury found Wright guilty of all three counts of a Third Superseding Indictment. Count I charged him with possessing with intent to distribute 40 grams or more of fentanyl, a violation of 21 U.S.C. § 841(a)(1) and (b)(1); Count II charged him with possessing a firearm in furtherance of that drug-trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A); and Count III charged him with being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Wright timely filed a Notice of Appeal (Filing No. 578), and that appeal is currently pending before the Eighth Circuit Court of Appeals.

## II.   DISCUSSION

When a defendant files a motion under 28 U.S.C. § 2255 while his direct appeal is pending, a district court may properly dismiss the § 2255 motion as having been

---

[1] In addition to the Motion to Vacate, Wright has filed a number of "supplements" to that motion (Filing Nos. 591, 596 and 597).

prematurely filed. *See, e.g.*, *United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) (affirming dismissal of petitioner's § 2255 motion as prematurely filed because it was filed while petitioner's direct appeal was pending); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) (per curiam) (dismissing a § 2255 habeas petition filed while a direct appeal was pending and stating "[o]rdinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending."); *United States v. Jordan*, No. 4:06CR3039, 2007 WL 2021780, at *1 (D. Neb. May 25, 2007) (concluding the same); *Curry v. United States*, 2025 WL 1067933, at *2 (D. Ed. Mo. Apr. 9, 2025) (same); *United States v. Harvey*, No. 8:14CR318, 2016 WL 6537624, at *2 (D. Neb. Nov. 3, 2016) (explaining that due to petitioner's direct appeal, there was no final judgment from which to start the running of the one-year statute of limitation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

Some courts have stated that an exception to this rule exists in cases which involve "extraordinary circumstances." *See, e.g.*, *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) ("[A] district court should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances"). The Court finds that no extraordinary circumstances exist here.

Wright's motion for relief under 28 U.S.C. § 2255 (Filing No. 585) is dismissed without prejudice. Wright may file a new § 2255 motion in accordance with AEDPA after his judgment of conviction becomes final.

IT IS SO ORDERED.

Dated this 30th day of October 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge